IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1153

Filed 1 July 2026

New Hanover County, Nos. 20CR059455-640, 20CR059457-640, 21CR055591-640, 21CR056767-640

STATE OF NORTH CAROLINA

v.

LAWRENCE VERLINE WILDER, Defendant.

Appeal by defendant from judgment entered 26 September 2024 by Judge R. Kent Harrell in Superior Court, New Hanover County. Heard in the Court of Appeals 25 March 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Lewis W. Lamar, Jr., for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

STROUD, Judge.

A jury found Defendant Lawrence Verline Wilder guilty of two counts of communicating threats and two counts of intimidating a witness. At trial, Defendant invoked his right to self-representation, and the trial court conducted the "thorough inquiry" that North Carolina General Statute Section 15A-1242 requires. N.C. Gen. Stat. § 15A-1242 (2025). But Defendant refused to answer the court's questions, leaving it unable to confirm that he understood the consequences of representing

himself. So the court was not satisfied that he had "knowingly, intelligently, and voluntarily waived [his] right to counsel." *State v. Lindsey*, 271 N.C. App. 118, 126, 843 S.E.2d 322, 328 (2020) (citation omitted).

On appeal, Defendant argues that the trial court committed structural error by denying his request to waive counsel and represent himself. *See* U.S. Const. amends. VI, XIV; N.C. Const. art. I, § 23; N.C. Gen. Stat. § 15A-1242. But because he refused to answer the questions that would have shown a knowing, intelligent, and voluntary waiver, the court could not make the determination Section 15A-1242 demands. And without it, the court had no basis to let Defendant represent himself. We therefore hold that the trial court did not err, and that Defendant received a fair trial, free of prejudicial error.

## I.    Background

Between December 2020 and December 2021, the State charged Defendant with seven offenses: two counts of misdemeanor communicating threats and five counts of felony intimidating a witness. The trial court dismissed one charge and the jury returned verdicts on the remaining six after a trial in Superior Court, New Hanover County, in September 2024. The State's evidence tended to show that Defendant was "generally menacing residents in [his] neighborhood" and, specifically, that "he was intimidating individuals who were . . . prospective witnesses to court matters."

During pretrial motions, defense counsel told the trial judge he had spoken

with Defendant earlier that day.  Defendant, counsel reported, did not want counsel "to represent him in this matter" and alleged that "he was drugged" the night before "in the jail."  Counsel added that Defendant "said he does not have the capacity to go forward due to the narcotics that were injected into his system."[1]  Defendant then interrupted:

> All right. I have a right to choose my attorney and I'm not indigent. So I don't want to partake in this taxpayer fraud because I can afford my attorney.  And I also retain the right to choose my attorney. And also the State has a history of appointing counsel with conflict of interest. . . . And I suspect that present attorney has conflict-appointed counsel has conflict of interest too. I've also notified the [c]ourt . . . when I was able to afford my attorney that I wasn't trying to perpetrate a fraud on the taxpayers that I'm indigent when there is financial resources to retain counsel. And if I'm not obstructed by the State, you know, to contact either by phone or law-or mail or the law library to retain counsel, then I could retain counsel. And for some reason this [c]ourt has been denying my request to withdraw counsel. And no counsel can file any kind of appearance when there's already a state-appointed counsel. So I've lost valuable time to retain counsel.

Defendant continued, making various allegations about his treatment in jail—that he was "getting injected with illegal drugs" and being "sexually assaulted."  He also stated that he "would like to withdraw [defense counsel] from [his] representation."

---

[1] In June 2023, Defendant had a competency evaluation at Central Regional Hospital, where a doctor concluded that he was "currently capable to proceed."  At a competency hearing, the trial court found that "[D]efendant is able to understand the nature and object of the proceedings against him, comprehend his own situation in reference to those proceedings, and to assist in his defense in a rational and reasonable manner."  The court thus determined that Defendant was competent to stand trial.  Defendant did not challenge this determination on appeal.

Defendant claimed he had contacted a private attorney to represent him. But the trial judge pointed out that, had Defendant "retained that attorney, he would have been present in the courtroom" to represent him. And he reminded Defendant that defense counsel was "the seventh attorney that [had] been provided [to Defendant]."

The trial judge eventually asked Defendant whether he wanted to represent himself or have his current attorney represent him. Defendant, after a few rambling statements, answered: "I guess I'll represent myself and file to Raleigh." The judge told Defendant that, to represent himself, "the Constitution requires" his waiver of counsel be "a knowing, intelligent, and voluntary waiver." He then conducted the inquiry that Section 15A-1242 requires; we describe the judge's inquiry further below. *See* N.C. Gen. Stat. § 15A-1242 (allowing a defendant to proceed *pro se* "only after the trial judge makes thorough inquiry and is satisfied that the defendant: (1) [h]as been clearly advised of his right to the assistance of counsel; (2) [u]nderstands and appreciates the consequences of this decision; and (3) [c]omprehends the nature of the charges and proceedings and the range of permissible punishments").

The trial judge denied Defendant's request to "discharge [defense counsel] as the attorney of record" and proceed *pro se*. He cited two grounds: Defendant's "lack of compliance with the court's directions" and his failure to answer "the questions designed . . . to determine if his waiver of counsel was knowing, intelligent, and voluntary." Defendant kept arguing that the judge was "not respecting [his] choice of attorney," and he told the judge that he would raise the issue on appeal.

On 26 September 2024, the jury found Defendant guilty of two counts of communicating threats and two counts of intimidating a witness. It acquitted him of two counts of intimidating a witness.

Defendant gave oral notice of appeal in open court.

## II.    Jurisdiction

This Court has jurisdiction under North Carolina General Statute Sections 7A-27(b)(1) and 15A-1444(a). *See* N.C. Gen. Stat. § 7A-27(b)(1) (2025) ("[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a superior court. . . ."); *see also* N.C. Gen. Stat. § 15A-1444(a) (2025) ("A defendant who has entered a plea of not guilty to a criminal charge and who has been found guilty of a crime is entitled to appeal . . . when final judgment has been entered.").

## III.    Discussion

Defendant's sole argument on appeal is that the trial court committed structural error by denying his request to waive counsel and represent himself. A criminal defendant has a constitutional right to counsel. U.S. Const. amends. VI, XIV; N.C. Const. art. I, § 23. But he also "has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." *Lindsey*, 271 N.C. App. at 126, 843 S.E.2d at 328 (citation omitted). The right to self-representation safeguards the defendant's "dignity and autonomy." *McKaskle v. Wiggins*, 465 U.S. 168, 176–77 (1984). Before a defendant may exercise it, though, the trial court must confirm that he (1) "clearly and unequivocally expressed a desire

to proceed without counsel," and (2) "knowingly, intelligently, and voluntarily waived the right to counsel." *Lindsey*, 271 N.C. App. at 126, 843 S.E.2d at 328 (citation omitted). "Absent such evidence, the court should not . . . permit[ ] [a defendant] to proceed *pro se.*" *State v. Graham*, 76 N.C. App. 470, 475, 333 S.E.2d 547, 549 (1985).

A trial court satisfies the second prong "by fulfilling the mandates of [Section] 15A-1242." *State v. Simpkins*, 373 N.C. 530, 534, 838 S.E.2d 439, 445 (2020). That provision states:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242. Our Supreme Court has held that the inquiry the statute directs "fully satisfies the constitutional requirement that waiver of counsel must be knowing and voluntary." *State v. Thacker*, 301 N.C. 348, 355, 271 S.E.2d 252, 256 (1980).

This Court reviews *de novo* the denial of a defendant's right to self-representation. *State v. Leyshon,* 211 N.C. App. 511, 514, 710 S.E.2d 282, 286 (2011).

That means we "consider[ ] the matter anew and freely substitute[] [our] own judgment for that of the lower tribunal." *State v. Glenn*, ___ N.C. App. ___, ___ 923 S.E.2d 850, 852 (2025) (citation omitted).

## A. Invocation of Right to Self-representation

We start with whether Defendant "clearly and unequivocally invoked his right to self-representation." He argues that he "clearly informed the trial court that he wanted to represent [him]self." The State counters that Defendant's "assertion . . . was arguably not clear and unequivocal."

"Without a clear and unequivocal request to waive representation and proceed *pro se*, the trial court should not [ ] proceed[ ] with such assumption." *Lindsey*, 271 N.C. App. at 126, 843 S.E.2d at 328 (citation omitted). "Statements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *State v. McCrowre*, 312 N.C. 478, 480, 322 S.E.2d 775, 777 (1984) (citation omitted).

At trial, Defendant first asserted that he was not indigent, that he would hire his own counsel, and that he did not want another court-appointed attorney. The trial court pointed out that the private attorney Defendant claimed to have contacted was not present and that Defendant had already had seven court-appointed attorneys. Defendant often rambled and gave non-responsive answers; at one point the court warned him that it would remove him from the courtroom if he kept disrupting the proceedings. But in the end, after the court repeatedly pressed him to

clarify his request, Defendant said, "I guess I'll represent myself." Read as a whole, the colloquy—at least where Defendant answered the court's questions—show that he satisfied the first prong: he "clearly and unequivocally expressed a desire to proceed without counsel." *Lindsey*, 271 N.C. App. at 126, 843 S.E.2d at 328 (citation omitted).

**B. Sufficiency of Inquiry**

Defendant contends that the trial court "failed to conduct the 'thorough inquiry' required by [Section] 15A-1242 before denying [his] motion to represent himself." The State responds that the trial court "correctly denied" the request because the court conducted "the necessary inquiry prescribed by" Section 15A-1242 but came away "unable to determine conclusively that [D]efendant's request . . . was made knowingly, voluntarily[,] and intelligently."

The "record must affirmatively show" that the judge conducted the inquiry Section 15A-1242 requires. *State v. Lamb*, 103 N.C. App. 646, 648, 406 S.E.2d 654, 655 (1991) (citation omitted). To guide that inquiry, our Supreme Court in *State v. Moore* set out fourteen questions a trial court may ask. 362 N.C. 319, 327–28, 661 S.E.2d 722, 727 (2008) (listing all fourteen). It need not ask them all, but they offer "useful guidance for trial courts when discharging their responsibilities under" the statute. *Id.* at 328, 661 S.E.2d at 727.

Here, the trial judge asked ten of the fourteen questions. He began by "clearly advis[ing]" Defendant "of his right to the assistance of counsel." N.C. Gen. Stat.

§ 15A-1242(1). Defendant did not answer:

> [The court]: All right. You understand you have the right
> to be represented by a lawyer?
>
> [Defendant]: I told you that during Black History Month,
> [y]our [h]onor. Or - - excuse me - - Judge Jones. I told Judge
> Jones that during Black History Month.
>
> [The court]: You understand you - - you made a request that
> a lawyer be appointed for you if you're unable to hire a
> lawyer.  And I've appointed [defense counsel] and several
> others to assist you in this case.
>
> [Defendant]: When I couldn't afford an attorney and they
> had conflict of interest.

The judge then turned to the consequences of self-representation.  He asked whether

Defendant understood that he would have to follow the Rules of Evidence, that the

court could not give him legal advice, and that the court would remain impartial.  *See*

*id.* § 15A-1242(2).  To each question, Defendant offered not an answer but a complaint

of his own:

> [The court]: You understand that if you decide to represent
> yourself, you must follow the same Rules of Evidence and
> procedure that a lawyer appearing in this court would have
> to follow?
>
> [Defendant]: I'm going to object to these proceedings
> because I'm feeling side effects from whatever they injected
> me with at the jail. . . .
>
> [The court]: I'm gonna ask you this question again. . . .Do
> you understand that if you decide to represent yourself, you
> must follow the same Rules of Evidence and procedure that
> a lawyer appearing in this court must follow?

- 9 -

[Defendant]: I understand that. But I also want to say that the prosecutor has not released all the discovery.

[The court]: Do you understand that if you decide to represent yourself, this [c]ourt will not give you legal advice concerning defenses, jury instructions, or other legal issues that may be raised in a trial?

[Defendant]: I have some pretrial motions that I want to file that I couldn't file because he was obstructing . . . .

. . . .

[The court]: But you understand that I can't give you legal advice?

[Defendant]: I'm experiencing side effects from whatever they're force medicating with at the jail, [j]udge.

[The court]: You understand that the trial judge will act as an impartial judge in this case . . . and the judge must treat you just as he or she would any other lawyer?

[Defendant]: It's a violation of Washington versus Harper (sp), Sell (sp) versus United States, and Riggins (sp) versus Nevada.

The judge pressed on, describing "the nature of [Defendant's] charges" and "the range of permissible punishments." *Id.* § 15A-1242(3). Defendant said that he did not understand the charges because he had not "been told exactly the facts of the case." He then interrupted the judge's recitation of the offenses to ask repeatedly for the victims' names. And he dismissed the charges as "racially motivated, he-say-she-say, crackhead accusations."

Defendant's responses to the court's questions confirm that he did not understand the consequences of representing himself. Asked whether he understood

that he would have to follow the Rules of Evidence and that the court could not give him legal advice, he answered with complaints about being medicated at the jail and the State's discovery—never with any sign that he grasped what he was giving up. His refusal to answer the court's questions also defeats his claim. Section 15A-1242 permits waiver "only after the trial judge makes thorough inquiry *and is satisfied*" that, among other things, the defendant "[u]nderstands and appreciates the consequences of [the] decision." *Id.* § 15A-1242(2) (emphasis added). The judge can make that finding only if the defendant answers the questions that test his comprehension. By refusing, Defendant left the court without that information—and thus without the showing the statute demands. As the trial court put it, Defendant "will not answer the questions designed . . . to determine if his waiver of counsel is knowing, intelligent, and voluntary."

Because the court could not make the findings Section 15A-1242 requires, it "should not have permitted him to proceed *pro se*." *Graham*, 76 N.C. App. at 475, 333 S.E.2d at 549. It did not. So we hold that the trial court did not err in denying Defendant's request to discharge his court-appointed counsel and represent himself.

## IV.    Conclusion

For the reasons explained above, Defendant received a fair trial, free of prejudicial error.

NO ERROR.

Judges HAMPSON and CARPENTER concur.